16-1866
*Hill v. Berryhill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand and seventeen.

Present:
> PETER W. HALL,
> CHRISTOPER F. DRONEY,
> > *Circuit Judges,*
> LAURA TAYLOR SWAIN,
> > *District Judge.**

---

DEBORAH HILL,

> *Plaintiff-Appellant,*

> v.                                                      16-1866

NANCY A. BERRYHILL, Acting Commissioner for Social Security,†

> *Defendant-Appellee.*

---

\* Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

† Pursuant to Fed. R. App. P. 43(c)(2), Nancy A. Berryhill is automatically substituted as the Acting Commissioner for Social Security.

For Plaintiff-Appellant:    MAX D. LEIFER, Ira H. Zuckerman, New York, N.Y.

For Defendant-Appellee:   CANDACE SCOTT APPLETON, Varuni Nelson, Arthur
                          Swerdloff, Assistant United States Attorneys, for Robert
                          L. Capers, United States Attorney for the Eastern District
                          of New York, Brooklyn, N.Y.

Appeal from an order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Deborah Hill appeals from a May 17, 2016, Order of the district court, denying her motion for attorney's fees under 42 U.S.C. § 406(b). We assume the parties' familiarity with the factual and procedural history of the case, the district court's rulings, as well as the arguments presented on appeal.

"We review the district court's [decision regarding] attorney's fees for abuse of discretion." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (citing *Auto. Club of N.Y., Inc. v. Dykstra*, 520 F.3d 210, 217 (2d Cir. 2008)). "Inasmuch as the resolution of the district court's [decision regarding] attorney's fees implicates questions of law, our review is *de novo*." *Id.* (citing *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008)).

Section 406(b) provides that an attorney who represents Social Security disability claimants in federal court may petition for attorney's fees "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney." 42 U.S.C. § 406(b)(1)(A). The statute authorizes the court to

allow such a fee as part of the judgment, not exceeding 25 percent "of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.*

Here, the district court did not render any judgment on Hill's Social Security claim. Instead, Hill voluntarily dismissed the case pursuant to Federal Rule of Civil Procedure 41(a) and chose to seek relief available through the terms of a separate settlement agreement, the Padro Settlement, resulting in the readjudication of her claims at the administrative level. Although Hill ultimately achieved the relief she sought, the voluntary dismissal entered by the district court neither established her entitlement to past-due benefits nor created a fund from which a Section 406(b) fee award could be allowed. Hill's motion for attorney's fees, therefore, was properly denied by the district court.

We have considered Hill's remaining arguments and conclude that they are without merit. The order of the district court denying Hill's motion for attorney's fees is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk